TINGLEY v 900 MONROE, LLC

Docket Nos. 243171, 244609. Submitted March 2, 2004, at Grand Rapids. Decided May 5, 2005, at 9:00 a.m. Leave to appeal sought.

William Q. Tingley, III (Tingley III), William Q. Tingley, and Daniel R Bradley, as well as their businesses Proto-Cam, Inc.; Bend Tooling, Inc.; and Tennine Corporation, brought an action in the Kent Circuit Court against attorney defendants Robert F. Wardrop, II; William J. Fisher III; Todd R. Dickinson; Wardrop & Wardrop, P.C.; Dickinson Wright, P.L.L.C.; and Fisher & Dickinson, P.C., developer defendants Pioneer Incorporated, 900 Monroe, L.L.C.; and 940 Monroe, L.L.C., and Dykema Excavators, Inc.; Fifth Third Bancorp; and the city of Grand Rapids and its mayor, John H. Logie. The action related to the use by the developer defendants, with the facilitation of the attorney defendants, of a driveway from the plaintiffs' place of business to a public street without plaintiffs' permission. An amended complaint deleted the business plaintiffs, leaving only the individuals, but the court reinstated the businesses for the purpose of making them available for fees and costs. The amended complaint sought damages for violations of the environmental remediation act, MCL 324.20101 *et seq.*, and the hazardous waste management act, MCL 324.11101 *et seq.*, fraud on the court, conspiracy, abuse of process, and unjust enrichment. The plaintiffs also sought the disqualification of the trial judge. The court, H. David Soet, J., denied the motion for disqualification, granted summary disposition for the defendants, dismissed the amended complaint, determined that Tingley III was engaged in the unauthorized practice of law, and granted sanctions for some defendants. The plaintiffs appealed.

The Court of Appeals *held*:

1. Facts learned by a trial judge during the course of a judicial proceeding do not form a basis for disqualification pursuant to MCR 2.003(B)(2), and intending to call a judge as a witness to learn about his decision-making process is not a basis for disqualification pursuant to MCR 2.003(B)(6)(d). The trial court correctly denied the individual plaintiffs' motion for disqualification.

2. Tingley III was not engaged in the unauthorized practice of law because all pleadings were signed by the three individual

plaintiffs in propria persona, and the only documents and letters signed only by him was related only to him or were related to scheduling hearings or sending documents to the court or other clerical communications. He did not assist in matters that require the use of legal discretion and profound legal knowledge required in the practice of law by *Dressel v Ameribank*, 468 Mich 557, 566 (2003).

3. The environmental remediation act, MCL 324.20101 *et seq.*, requires a plaintiff to give sixty days' notice in writing of the intention to sue. Although Tingley III did file such a notice, he did it in the name of Local Area Watch, of which he is executive director, that notice does not satisfy the requirement of notice by the plaintiffs of their intent to sue. The trial court therefore lacked jurisdiction over the two counts brought under this act.

4. Because MCL 324.11151(1) specifically allows "the attorney general or a person" to sue to remedy violations of law relating to hazardous waste management, the fact that the plaintiffs were not the real parties in interest is not decisive. The trial court improperly granted summary disposition by dismissing count III.

5. The claims relating to fraud on the court, unjust enrichment, conspiracy, and exemplary damages, and the argument that sanctions were inappropriate because plaintiffs' claims were not frivolous and the court had failed to state on what basis it concluded the claims were frivolous, were properly dismissed for a failure to state a claim on which relief could be granted or for failure to supply legal support for the allegations.

6. The plaintiffs' argument that the trial court lacked jurisdiction to award sanctions on the basis that the claim of appeal was already filed is in error because MCR 7.208(I) expressly permits the trial court to rule on certain sanctions unless forbidden by the Court of Appeals.

Affirmed in part, reversed in part, and remanded for further proceedings.

1. ATTORNEY AND CLIENT — UNAUTHORIZED PRACTICE OF LAW — MULTIPLE PARTIES APPEALING — IN PROPRIA PERSONA.

Clerical communications by a party appearing in propria persona in a case where there are several others appearing in propria persona on the same side of the case do not constitute the unauthorized practice of law if the communications do not involve counseling or assisting in matters that require the use of legal discretion and profound legal knowledge.

2. APPEALS — TRIAL COURT SANCTIONS.

 A trial court is expressly permitted to rule on a request for sanctions while a case is pending on a claim of appeal unless the appellate court specifically forbids it (MCR 7.208[I]).

William Q. Tingley, III, in propria persona.

William Q. Tingley in propria persona.

Daniel R. Bradley in propria persona.

*Wardrop & Wardrop, P.C.* (by *Thomas M. Wardrop*), for Robert F. Wardrop, II, and Wardrop & Wardrop, P.C.

*Fisher & Dickinson, P.C.* (by *Todd R. Dickinson*), for 900 Monroe, L.L.C., and others.

*Dickinson Wright, PLLC* (by *Edward P. Perdue*), for Dickinson Wright, PLLC.

*Daniel A. Ophoff*, Assistant City Attorney, for city of Grand Rapids and John H. Logie.

*Shenk & Boncher* (by *Gary P. Schenk* and *Curtis D. Rypma*) for Dykema Excavators, Inc.

*Dykema Gossett, PLLC* (by *John A. Ferroli* and *Mark D. van der Laan*), for Fifth Third Bancorp.

Before: METER, P.J., and WILDER and BORRELLO, JJ.

WILDER, J. In these consolidated cases, plaintiffs, William Q. Tingley, III (Tingley III), William Q. Tingley (Tingley), and Daniel R. Bradley,[1] appeal as of right the trial court's order dismissing their amended complaint

---

[1] Throughout this opinion, the term "individual plaintiffs" refers to Tingley III, Tingley, and Bradley. According to the first amended complaint, Tingley III "is the general manager, secretary, and a director of" plaintiffs Proto-Cam, Inc.; Bend Tooling, Inc.; and Tennine Corporation.

in Docket No. 243171 and the trial court's order granting sanctions in Docket No. 244609. We affirm in part and reverse in part.[2]

### I. FACTS AND PROCEEDINGS

These cases arise out of a property dispute involving an abandoned street between the corporate plaintiffs'[3] place of business and a neighboring fitness center on Ottawa Avenue in Grand Rapids. Because of road construction on surrounding streets, the abandoned street became a useful means of access to the Berkey and Gay building, a former furniture factory located behind the corporate plaintiffs' place of business, which was being renovated by defendants 900 Monroe, L.L.C.; 940 Monroe, L.L.C.; and Pioneer Incorporated (the developer defendants). In August 2000, the corporate plaintiffs sued the developer defendants for trespass, claiming that they had the exclusive right to use the subject abandoned street.[4]

In April 2002, before the bench trial in the property rights case, the corporate plaintiffs, purportedly "represented" by Tingley III, a nonlawyer, filed the instant action against defendants Robert F. Wardrop, II (Wardrop); William J. Fisher III; Todd R. Dickinson; Wardrop

Tingley "is the president, treasurer, and a director" of these companies, and Bradley is a vice-president and a director of the plaintiff corporations.

[2] On June 24, 2004, this panel also decided the related case of *Tingley v Kortz*, 262 Mich App 583; 688 NW2d 291 (2004).

[3] The term "corporate plaintiffs" refers to Proto-Cam, Inc.; Bend Tooling, Inc.; and Tennine Corporation. Although parties to the lower court proceedings, the corporate plaintiffs are not parties to this appeal.

[4] *Proto-Cam v 940 Monroe,* Kent Circuit Court Docket No. 00-008231-CZ. Throughout the remainder of this opinion, this case will be referred to as "the property rights case." The appeal of the judgment in this case is pending in this Court, Docket No. 251387.

& Wardrop, P.C.; Dickinson Wright, P.L.L.C.; and Fisher & Dickinson, P.C. (the attorney defendants). The corporate plaintiffs alleged that defendant Dickinson Wright, which represented the developer defendants in the property rights case, encouraged its clients to use the abandoned street without the corporate plaintiffs' permission and used a letter from defendant Fisher, an attorney employed by Dickinson Wright, to coerce the corporate plaintiffs to provide access to the abandoned street. The corporate plaintiffs also alleged that defendants Fisher and Wardrop perpetrated a fraud on the court in the property rights case by obtaining from the fitness center "sham" quitclaim deeds drafted by Wardrop relating to the abandoned street and by deceiving the trial court by using the deeds to demonstrate the developer defendants' claim of ownership during the hearing on the corporate plaintiffs' request for injunctive relief. Additionally, the corporate plaintiffs alleged that after perpetrating this fraud, defendants Dickinson Wright and Fisher & Dickinson, Fisher's new law firm, contributed to concealing the fraud.

The complaint further stated that defendants Wardrop and Dickinson allegedly perpetrated additional fraud by failing to comply with discovery requests and that Wardrop defrauded the trial court by fabricating an affidavit to prevent summary disposition in the corporate plaintiffs' favor in the property rights case. On the basis of these allegations, the corporate plaintiffs asserted claims of fraudulent misrepresentation, conspiracy, and unjust enrichment against the attorney defendants.

After this action was assigned to the same trial judge presiding over the property rights case, the corporate plaintiffs moved for his disqualification, asserting that the trial judge was a witness to events in this case, that

he would likely be called as a trial witness, and that his role as a witness would interfere with his ability to impartially preside over the case. Shortly thereafter, defendants Fisher, Dickinson, and Fisher & Dickinson, P.C., filed a motion for summary disposition[5] pursuant to MCR 2.116(C)(5), (6), (7), and (8). Defendant Dickinson Wright also filed a motion for summary disposition pursuant to MCR 2.116(C)(5) and (C)(8). Additionally, defendants Wardrop and Wardrop & Wardrop, P.C., moved to dismiss the corporate plaintiffs' complaint on the basis of MCR 2.116(C)(5), (6), and (8).

On May 17, 2002, the trial court heard and denied the corporate plaintiffs' motion to disqualify the trial judge.[6] During the hearing, the trial court informed Tingley III that it was not ruling on the motions for summary disposition at that time, and that because Tingley III was not a licensed attorney, he could not represent the corporate plaintiffs, even though he could sue on his own behalf. The trial court also advised Tingley III, regarding some of the claims asserted on behalf of the corporate plaintiffs, that statements made by attorneys and witnesses in the course of judicial proceedings are privileged, and that the allegations of fraud lacked specificity and a showing of reliance on the alleged misrepresentations.

Between the time of the hearing on the motion to disqualify the trial court and the hearing on the motions for summary disposition, Tingley III filed a brief opposing the motions for summary disposition on be-

---

[5] Although defendants called their motion a "motion to dismiss," their motion, as well as the subsequently filed motions to dismiss, are more properly titled motions for summary disposition. Throughout this opinion, we will refer to these motions as motions for summary disposition.

[6] This motion was later also heard and denied by the chief judge of the circuit court, pursuant to MCR 2.003(C)(3)(a).

half of the corporate plaintiffs and an amended complaint that named only the individual plaintiffs as plaintiffs. The amended complaint also named seven new defendants and stated several additional causes of action. In their brief opposing the motions for summary disposition, the corporate plaintiffs claimed to file the amended complaint by right and stated that the individual plaintiffs, who allegedly own and operate the plaintiff corporations, possess all of the interests of the corporate plaintiffs.

On June 7, 2002, during the hearing on the corporate plaintiffs' motion to adjourn other proceedings, defendants advised the trial court that the amended complaint had been filed. Tingley III claimed that he had filed the amended complaint only as an exhibit in opposition to the motions for summary disposition and in anticipation of an opportunity to amend the original complaint.[7] Ultimately, the trial court determined on its own motion that plaintiffs' amended complaint would be accepted for filing and that the pending motions for summary disposition would pertain to the amended complaint.

Plaintiffs' amended complaint added some defendants and dropped others. The amended complaint named as defendants the developer defendants; the city of Grand Rapids; John H. Logie (then the mayor of Grand Rapids); Dykema Excavators, Inc.; Fifth Third

---

[7] The lower court record is somewhat unclear in this regard. An amended complaint was received for filing by the clerk on June 5, 2002, as a separate pleading and not merely as an exhibit to the corporate plaintiffs' brief. The individual plaintiffs' brief in opposition to summary disposition asserts that the amended complaint was actually filed on June 11, 2002, a filing that is not reflected in the lower court docket entries. Additionally, the lower court record reflects a "First Amended Complaint" that is stamped "rec'd & filed" by the trial judge, rather than the clerk, on June 19, 2002.

Bancorp (Fifth Third); Dickinson Wright; Wardrop; Fisher; and Dickinson. In addition to reiterating the factual background of the case, the amended complaint alleged that defendants conspired to remove hazardous waste from the Berkey and Gay site and deposit it at the Monroe Avenue water filtration plant in violation of MCL 324.20101 *et seq.*, the environmental remediation act, and MCL 324.11101 *et seq.*, the hazardous waste management act.[8]

In count one, the individual plaintiffs alleged that the developer defendants and defendants Fifth Third, Grand Rapids, Logie, and Dykema Excavators violated the environmental remediation act at the Berkey and Gay site and that the developer defendants, defendants Dickinson Wright, Dykema Excavators, and Fisher made false statements to the Michigan Department of Environmental Quality and other governmental agencies in violation of the act. In count two, the individual plaintiffs alleged that the same defendants committed similar violations of the environmental remediation act at the water filtration plant. In count three, the individual plaintiffs alleged that the developer defendants, Dykema Excavators, Fifth Third, Grand Rapids, and Logie violated the hazardous waste management act.

Count four of the amended complaint alleged that defendants perpetrated a fraud on the court. In count five, the individual plaintiffs alleged that several of the named defendants engaged in a conspiracy to remove the hazardous waste, conceal their actions, and retaliate against the individual plaintiffs. The individual plaintiffs alleged in count six that defendants Dickinson Wright, Fisher, Wardrop, and Dickinson committed an

---

[8] The amended complaint refers to the environmental remediation act as the "environmental response act" and the hazardous waste management act as the "hazardous waste act."

abuse of process in the property rights case. Count seven contained allegations that defendants Fifth Third; 940 Monroe, L.L.C.; and 900 Monroe, L.L.C., were unjustly enriched, and count eight contained allegations that defendants Dickinson Wright, Fisher, and Dickinson were unjustly enriched. Count nine of the amended complaint consisted of a request for exemplary damages.[9]

In their brief responding to the motions for summary disposition, the individual plaintiffs argued that the motions were merely directed at an exhibit, not at a pleading, and, therefore, were moot. Dickinson Wright then filed a renewed motion for summary disposition, requesting dismissal of the amended complaint pursuant to MCR 2.116(C)(5), (6), (7), and (8). Defendant Wardrop also renewed his motion for summary disposition, specifically addressing the claims in the amended complaint. The developer defendants and defendants Fisher and Dickinson also filed motions for summary disposition pursuant to MCR 2.116(C)(5), (6), and (8).

After hearing arguments on the motions for summary disposition, the trial court dismissed counts one and two pursuant to MCR 2.116(C)(8) and (10) because the individual plaintiffs failed to comply with the environmental remediation act's presuit notice provisions. The trial court dismissed count four, alleging fraud on the court, because statements made in court are privileged, plaintiffs failed to specifically identify the fraudu-

---

[9] In light of the fact that the plaintiffs named in the amended complaint differed completely from the plaintiffs named in the original complaint, defendants Fisher, Dickinson, and Fisher & Dickinson, P.C., moved for reconsideration of the trial court's order permitting the corporate plaintiffs to amend their complaint. The trial court granted the motion to the extent that it restored the corporate plaintiffs as parties to the suit for the purpose of permitting the original defendants to seek reimbursement for costs and fees associated with responding to the original complaint.

lent statements, and the facts purportedly misrepresented were known to both parties. Further, the trial court dismissed count six, alleging abuse of process, because the individual plaintiffs did not allege any specific irregular act in the issue of process. The trial court also found that the individual plaintiffs failed to state the elements of unjust enrichment and, therefore, dismissed counts seven and eight pursuant to MCR 2.116(C)(8) and (10).[10]

The remaining counts of the amended complaint, count three, alleging violations of the hazardous waste management act; count five, alleging conspiracy; and count nine, claiming exemplary damages, were dismissed by the trial court on the basis that the individual plaintiffs were not the real parties in interest, and that Tingley III engaged in the unauthorized practice of law on behalf of the corporate plaintiffs and Tingley and Bradley. This appeal ensued.

## II. STANDARDS OF REVIEW

"We review for an abuse of discretion the trial court's factual findings on a motion for disqualification, but the application of the facts to the law is reviewed de novo." *Van Buren Twp v Garter Belt, Inc*, 258 Mich App 594, 598; 673 NW2d 111 (2003), citing *Cain v Dep't of Corrections*, 451 Mich 470, 503 n 38; 548 NW2d 210 (1996); *Armstrong v Ypsilanti Charter Twp*, 248 Mich App 573, 596; 640 NW2d 321 (2001).

This Court reviews de novo the trial court's decision concerning a motion for summary disposition. *Beaudrie v Henderson*, 465 Mich 124, 129; 631 NW2d 308 (2001).

---

[10] The individual plaintiffs have not appealed the trial court's grant of summary disposition on counts six, abuse of process, and eight, unjust enrichment, against defendants Dickinson Wright, Fisher, and Dickinson.

A motion filed pursuant to MCR 2.116(C)(8) tests the legal sufficiency of a claim on the basis of the pleadings alone. *Id.* When reviewing a motion pursuant to this subrule, we accept the plaintiff's well-pleaded factual allegations as true. *Butler v Ramco-Gershenson, Inc,* 214 Mich App 521, 534; 542 NW2d 912 (1995). "Summary disposition under MCR 2.116(C)(8) is proper when the claim is so clearly unenforceable as a matter of law that no factual development could establish the claim and justify recovery." *Corley v Detroit Bd of Ed,* 246 Mich App 15, 18; 632 NW2d 147 (2001) (internal quotation marks omitted). Conclusions that are not supported by allegations of fact do not state a cause of action. *Butler, supra* at 534.

We also review questions of statutory interpretation de novo. *People v Webb,* 458 Mich 265, 274; 580 NW2d 884 (1998).

We review for clear error the trial court's conclusion that a civil action is frivolous. *In re Costs and Attorney Fees,* 250 Mich App 89, 94; 645 NW2d 697 (2002), citing *Szymanski v Brown,* 221 Mich App 423, 436; 562 NW2d 212 (1997).

### III. ANALYSIS

#### A. MOTION FOR DISQUALIFICATION[11]

Plaintiffs[12] first argue that the trial court erred by denying the motion for disqualification because the

---

[11] Although the motion to disqualify the trial court was filed by the corporate plaintiffs before the individual plaintiffs entered this litigation, we will address this issue as though the individual plaintiffs raised it in the trial court in light of our decision to remand a portion of this case to the trial court.

[12] Throughout the remainder of this opinion, "plaintiffs" refers to the individual plaintiffs, as the corporate plaintiffs are not parties to this appeal.

trial judge had personal knowledge of disputed facts involved in this case, MCR 2.003(B)(2), and because he would likely be called as a witness in this case, MCR 2.003(B)(6)(d). We disagree.

We reject plaintiffs' first cited basis for disqualification because facts learned during the course of a judicial proceeding do not form a basis for disqualification pursuant to MCR 2.003(B)(2). *FMB-First Michigan Bank v Bailey*, 232 Mich App 711, 729; 591 NW2d 676 (1998). Because plaintiffs rely solely on facts the trial judge learned while presiding over the property rights case, disqualification was not required.

We also reject plaintiffs' argument that their intent to call the trial judge as a witness requires disqualification pursuant to MCR 2.003(B)(6)(d). Plaintiffs assert that the trial judge witnessed defendants Fisher and Wardrop making misrepresentations in his chambers during the property rights case and that, therefore, the trial judge is likely to be a witness in this case. The trial judge, however, did not abuse his discretion by concluding that plaintiffs intended to call him as a witness to learn about his decision-making process in the property rights case. A trial judge may not be called as a witness for this purpose.[13] See *Wood v Gen Teamsters Union, Local 406*, 583 F Supp 1471, 1473 (WD Mich, 1984), citing *Fayerweather v Ritch*, 195 US 276, 25 S Ct 58; 49 L Ed 193 (1904). Although plaintiffs contend that the trial judge would be called to testify only about the statements he heard, testimony regarding facts "inextricably intertwined with [the trial judge's] mental processes" is also inappropriate. *In re Detroit*, 828 F2d 1160, 1167 (CA 6, 1987), overruled in part on other

---

[13] Our reliance on federal law to analyze this issue is appropriate because of the similarities between MCR 2.003(B) and 28 USC 455(b). See *Cain, supra* at 513 n 49.

grounds *In re Aetna Cas & Surety Co,* 919 F2d 1136, 1140-1143 (CA 6, 1990). Accordingly, the trial court properly denied plaintiffs' motion for disqualification.

### B. SUMMARY DISPOSITION BASED ON MCR 2.116(C)(10)

Plaintiffs argue that the trial court erred by granting summary disposition based on MCR 2.116(C)(10). We agree. Defendants did not request summary disposition pursuant to MCR 2.116(C)(10), and the trial court did not rely on materials other than the pleadings in making its ruling. Accordingly, the trial court improperly stated that C(10) provided a basis for its ruling. Although the trial court cited an inapplicable subrule as a basis for its decision, this Court may review the trial court's decision under the correct rule, and we conclude that reversal is unnecessary. *Stoudemire v Stoudemire,* 248 Mich App 325, 332 n 2; 639 NW2d 274 (2002).

### C. SUMMARY DISPOSITION BASED ON MCR 2.116(C)(8)

Plaintiffs also argue that the trial court erred by dismissing certain claims in the amended complaint on the basis of MCR 2.116(C)(8). We disagree.

Count four of the amended complaint, alleging a claim of fraud on the court, fails to state a claim on which relief can be granted. Plaintiffs' allegations pertain to the "sham" property transaction allegedly conducted in the property rights case. Although plaintiffs do not now dispute the trial court's conclusion that witness immunity bars plaintiffs' claim, plaintiffs argue that the trial court "manufactured" witness immunity for Wardrop by encouraging Dickinson to call Wardrop as a witness in the property rights case after informing plaintiffs that witness immunity would bar the abuse of process claim in the instant matter, thereby "abusing [its] judicial office." Plaintiffs fail to provide legal

authority to support this assertion, however, and we consider it abandoned. *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999).

Plaintiffs further assert that their reliance on the misrepresentations is not a necessary element of a claim of fraud on the court. We disagree. The legal authority on which plaintiffs' rely[14] construes F R Civ P 60(b), rather than an independent action for fraud on the court under Michigan law. In Michigan, " '[a] fraud is perpetrated on the court when some material fact is concealed from the court or some material misrepresentation is made to the court.' " *Matley v Matley (On Remand)*, 242 Mich App 100, 101; 617 NW2d 718 (2000) (citations omitted). "[F]raud on the court cannot be committed in an adversary proceeding with respect to facts not known by the court, but known by both parties." *Id.* at 101-102. Here, plaintiffs do not allege that they were unaware of the misrepresentations. Quite to the contrary, plaintiffs allege in the amended complaint that "[t]o the extent that they knew of them, the [p]laintiffs have promptly, diligently, and repeatedly brought the [d]efendants' misrepresentations and concealments of material facts to the Court's attention . . . ."

Moreover, "a second suit for fraud, based on perjury ('intrinsic fraud'), may not be filed against a person involved in a first suit, if the statutes and court rules provide an avenue for bringing the fraud to the attention of the first court and asking for relief there." *Daoud v De Leau*, 455 Mich 181, 203; 565 NW2d 639 (1997). MCR 2.612(C)(1)(c), which permits motions for relief from judgments or orders procured by fraud, provided plaintiffs an avenue for seeking relief from the trial court's ruling on the motion for a temporary

---

[14] *In re West Texas Marketing Corp*, 12 F3d 497, 503 n 3 (CA 5, 1994).

restraining order and the judgment ultimately entered. Accordingly, as in *Daoud*, plaintiffs have failed to state a claim on which relief can be granted. *Id.* at 203.

Plaintiffs next assert that the trial court erred by dismissing count seven of the amended complaint, in which they allege unjust enrichment against defendants Fifth Third, 940 Monroe, and 900 Monroe. We disagree.

A claim of unjust enrichment requires proof that the defendant received a benefit from the plaintiff and that permitting the defendant to retain the benefit would result in inequity to the plaintiff. *Belle Isle Grill Corp v Detroit*, 256 Mich App 463, 478; 666 NW2d 271 (2003), citing *Barber v SMH (US), Inc*, 202 Mich App 366, 375; 509 NW2d 791 (1993). Although plaintiffs assert in the amended complaint that defendants received a benefit from them, the specific facts alleged in the amended complaint do not support this assertion. See *Butler, supra* at 534. Plaintiffs allege that they are corporate officers of Proto-Cam, Inc.; Bend Tooling, Inc.; and Tennine Corporation and are the "sole owners and operators" of the "Plaintiffs' Business" (the collective term used in the amended complaint to describe the corporate plaintiffs), but plaintiffs do not allege that they, as individuals, owned the property that defendants allegedly used without permission.[15] Instead, plaintiffs allege only that the "Plaintiffs' Business" has offices at the site of the disputed property. Michigan law "treats a corporation as entirely separate from its shareholders, even where one person owns all the corporate stock. . . . Generally, a suit to enforce corporate rights or to redress or prevent injury to the

---

[15] We note that in the original complaint, the corporate plaintiffs alleged that Tennine Corporation owned the subject property and leased it to Proto-Cam, Inc.; and Bend Tooling, Inc.

corporation . . . must be brought in the name of the corporation and not that of a stockholder, officer, or employee." *Environair, Inc v Steelcase, Inc*, 190 Mich App 289, 292; 475 NW2d 366 (1991). Accordingly, the facts alleged do not support a cause of action for unjust enrichment at *plaintiffs'* expense.

### D. REAL PARTIES IN INTEREST

Plaintiffs also argue that the trial court erred by dismissing some of their claims on the basis that they were not the real parties in interest. In part, we agree.

"[G]enerally, an action must be prosecuted in the name of the real party in interest. A real party in interest is the one who is vested with the right of action on a given claim, although the beneficial interest may be in another. . . . This standing doctrine recognizes that litigation should be begun only by a party having an interest that will assure sincere and vigorous advocacy." *Kalamazoo v Richland Twp*, 221 Mich App 531, 534; 562 NW2d 237 (1997) (citations omitted).

First, because we conclude that the trial court lacked jurisdiction over plaintiffs' claims under the environmental remediation act, we need not address whether plaintiffs were the real parties in interest for the claims asserted in counts one and two of the amended complaint. MCL 324.20135(3) states, in part: "An action shall not be filed under subsection (1)(a) or (b) unless all of the following conditions exist: (a) The plaintiff has given at least 60 days' notice in writing of the plaintiff's intent to sue, the basis for the suit, and the relief to be requested . . . ." Plaintiffs stated in the amended complaint that "Tingley III is also executive director of the Local Area Watch, who in that capacity gave notice to the [d]efendants on July 17, 2001, of an intent to sue for violations of the Natural Resources and Environmental

Protection Act of 1994 under the citizen suit provision of that law." The notice itself, which plaintiffs provided to the trial court with their response to Dickinson Wright's renewed motion for summary disposition, states that Local Area Watch, a nonprofit corporation, intended to file suit under the act. This notice, however, does not satisfy the statute because it does not provide notice of *plaintiffs'* intent to sue. Because plaintiffs did not provide notice of their intent to sue, the trial court lacked jurisdiction over counts one and two of the amended complaint. *Flanders Industries, Inc v Michigan*, 203 Mich App 15, 32-35; 512 NW2d 328 (1993) (concluding that failure to comply with a virtually identical notice requirement in MCL 299.615 deprived the court of jurisdiction over the plaintiff's suit).

Although defendants did not argue for summary disposition on the basis that the notice from Local Area Watch failed to satisfy the requirement of notice by plaintiffs, "[a] court is bound to notice the limits of its authority and to sua sponte 'recognize its lack of jurisdiction or any pertinent boundaries on its proper exercise.'" *People v Clement*, 254 Mich App 387, 394; 657 NW2d 172 (2002), quoting *People v Erwin*, 212 Mich App 55, 64-65; 536 NW2d 818 (1995); see also *In re AMB*, 248 Mich App 144, 166-167; 640 NW2d 262 (2001). Accordingly, counts one and two of the amended complaint were properly dismissed.

We agree with plaintiffs, however, that the trial court erred by dismissing count three of the amended complaint on the basis that plaintiffs were not the real parties in interest. Plaintiffs correctly claim that they have standing to sue under MCL 324.11151.

MCL 324.11151(1) provides:

If the department finds that a person is in violation of a permit, license, rule promulgated under this part, or requirement of this part[,] including a corrective action requirement of this part, the department may issue an order requiring the person to comply with the permit, license, rule, or requirement of this part including a corrective action requirement of this part. The attorney general or a person may commence a civil action against a person, the department, or a health department certified under section 11145 for appropriate relief, including injunctive relief for a violation of this part[,] including a corrective action requirement of this part, or a rule promulgated under this part. An action under this subsection may be brought in the circuit court for the county of Ingham or for the county in which the defendant is located, resides, or is doing business. The court has jurisdiction to restrain the violation and to require compliance. In addition to any other relief granted under this subsection, the court may impose a civil fine of not more than $25,000 for each instance of violation and, if the violation is continuous, for each day of continued noncompliance. A fine collected under this subsection shall be deposited in the general fund of the state.

The trial court stated that "[t]he real parties in interest in the environmental claims in this case are the corporation, whose easements have been abused, and the general public, which is endangered by the alleged contamination confronted by the alleged violation of the statutes of the [s]tate of Michigan," and that this type of action would ordinarily be pursued by the attorney general. The act, however, expressly permits an individual to bring a civil action to remedy violations of the act and does not restrict the ability to sue to only those persons whose individual interests are harmed. See also MCL 600.2041 (stating that "a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action was brought"). Accordingly, the trial court improperly con-

cluded that plaintiffs were not real parties in interest
for the purposes of count three of the amended com-
plaint.

Defendants request that we affirm the trial court's
dismissal of count three for alternative reasons. To
some extent, their request has merit. As defendants
Dickinson Wright, Wardrop, Fisher, and Dickinson con-
tend, count three of the amended complaint does not
allege that they violated the hazardous waste manage-
ment act. Accordingly, the trial court should have
granted their motions for summary disposition of count
three pursuant to MCR 2.116(C)(8). Allegations are
properly made in count three, however, against the
developer defendants, Fifth Third, Logie, and Dykema
Excavators. The developer defendants did not request
dismissal of count three on the basis of MCR
2.116(C)(8) in the trial court, so their arguments for
dismissal on appeal are not preserved. Defendants Fifth
Third, Dykema Excavators, Logie, and Grand Rapids
did not move in any respect for summary disposition in
the trial court and, as such, their arguments in support
of dismissal are also not preserved for this Court's
review.[16]

Plaintiffs further contend that the trial court erred
by deciding that they were not the real parties in
interest for count five, conspiracy, and count nine,

---

[16] Although Fifth Third contends that this Court should affirm on
other grounds based on the arguments it presented to the trial court in
its motion for sanctions, we disagree. In its motion for sanctions, Fifth
Third stated that it had planned to move for summary disposition on the
basis that the undisputed facts showed that it could not be liable under
the hazardous waste management act. Fifth-Third's argument depended
on facts outside the pleadings and therefore would not have supported
dismissal under MCR 2.116(C)(8). Moreover, because Fifth Third did not
provide substantively admissible documentary evidence to support the
contentions made in the motion for sanctions, summary disposition
pursuant to MCR 2.116(C)(10) would also have been inappropriate at
that time. MCR 2.116(G)(3) and (G)(6).

exemplary damages. Plaintiffs fail to cite any legal authority to support their position.[17] "[T]his Court will not search for authority to support a party's position, and the failure to cite authority in support of an issue results in its being deemed abandoned on appeal." *Flint City Council v Michigan*, 253 Mich App 378, 393 n 2; 655 NW2d 604 (2002), citing *Davenport v Grosse Pointe Farms Bd of Zoning Appeals*, 210 Mich App 400, 405; 534 NW2d 143 (1995).

### E. UNAUTHORIZED PRACTICE OF LAW

Plaintiffs contend that the trial court erred by dismissing their claims because Tingley III was engaged in the unauthorized practice of law. In light of our conclusions above, only count three of the amended complaint remains viable, and we limit our discussion of the unauthorized practice of law to this count of the amended complaint.[18]

As stated above, MCL 324.11151 permits a person to file suit for violations of the hazardous waste management act. Accordingly, the three individual plaintiffs may sue under this provision on their own behalf. The trial court, however, dismissed plaintiffs' suit, in part, because it determined that Tingley III was practicing

---

[17] Plaintiffs briefly contend that if the former corporate plaintiffs were the real parties in interest, the trial court should have joined them as parties, pursuant to MCR 2.205. This argument does not support plaintiffs' claim that they, as individuals, were real parties in interest.

[18] Although plaintiffs devote substantial discussion to whether corporations may appear without licensed counsel, the former corporate plaintiffs are not parties to this appeal and the issue is, therefore, moot. To the extent that plaintiffs claim that the trial court erred by adding the corporate plaintiffs as parties to support its conclusion that Tingley III engaged in unauthorized representation of the corporations, this issue is likewise moot because we are not addressing any claims filed on behalf of the corporate plaintiffs.

law on behalf of the other individual plaintiffs, stating that he "[a]ppears today to be representing himself and two other in propria persona plaintiffs . . . ."

Our Supreme Court recently determined that "a person engages in the practice of law when he counsels or assists another in matters that require the use of legal discretion and profound legal knowledge." *Dressel v Ameribank*, 468 Mich 557, 566; 664 NW2d 151 (2003). The record before us does not indicate that Tingley III engaged in this type of activity. On the contrary, the record reflects that the other individual plaintiffs signed the amended complaint and the responses to the motions for summary disposition and appeared at the hearing on the motions, but did not wish to be heard individually, except to indicate their agreement with arguments Tingley III already presented. Although defendant Dickinson Wright argues that Tingley III was "managing" litigation on behalf of the other two individual plaintiffs, the documents Dickinson Wright provided to the trial court and this Court, letters signed by Tingley III, do not support this conclusion. The letters either refer solely to Tingley III, rather than the litigation, or relate to scheduling hearings or sending documents to the trial court. Drafting these clerical communications does not constitute managing litigation to the extent that Tingley III was "assist[ing] another in matters that require the use of legal discretion and profound legal knowledge." *Id.*; see *id.* at 566-568. Accordingly, we conclude that the trial court erred by deciding that Tingley III was practicing law on behalf of Tingley and Bradley and by dismissing the amended complaint on that basis.[19]

---

[19] Our ruling does not preclude the trial court from taking appropriate action in the future to preclude the unauthorized practice of law if the trial court should determine that other facts not before us warrant such action.

Finally, plaintiffs claim that the trial court erred by granting sanctions to defendants. As this Court stated in its order of November 26, 2002, plaintiffs' claim of appeal from the orders granting sanctions (Docket No. 244609) was untimely filed except with regard to the October 7, 2002, order awarding $1,185.79 to defendants Logie and the city of Grand Rapids. Accordingly, we will limit our discussion to this order.

After the trial court dismissed plaintiffs' amended complaint, defendants city of Grand Rapids and Logie moved for sanctions, arguing that the claims stated in the amended complaint were "neither well-grounded in fact nor warranted by existing law or any good faith argument for the extension, modification or reversal of an existing law" and, therefore, were frivolous. Logie and Grand Rapids also relied on the trial court's prior statement that plaintiffs' claims for fraud on the court, abuse of process, and unjust enrichment were frivolous. The trial court granted the motion for sanctions.

MCL 600.2591 provides:

(1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

(2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

(3) As used in this section:

(a) "Frivolous" means that at least 1 of the following conditions is met:

(i) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

(ii) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(iii) The party's legal position was devoid of arguable legal merit.

(b) "Prevailing party" means a party who wins on the entire record.

We first address plaintiffs' contention that the trial court lacked jurisdiction to award sanctions because plaintiffs filed the claim of appeal from the order of dismissal before the trial court entered its order granting sanctions. Plaintiffs' assertion lacks merit. Although MCR 7.208(A) limits the trial court's actions after a claim of appeal is filed, MCR 7.208(I) expressly permits the trial court to "rule on requests for costs or attorney fees under MCR 2.403, 2.405, 2.625 or other law or court rule, unless the Court of Appeals orders otherwise." Accordingly, in the absence of an order from this Court to the contrary, the trial court properly exercised its authority to grant sanctions after plaintiffs filed their claim of appeal.[20]

Plaintiffs also contend that the trial court erred by granting sanctions because their claims were not frivolous and the trial court failed to state on which of the three statutory bases it concluded that the claims were frivolous. Plaintiffs fail to adequately brief this issue, however, and do not provide any legal authority to

---

[20] To the extent that plaintiffs argue that the trial court erred by granting sanctions to parties other than those originally listed in the order dismissing the amended complaint, plaintiffs' claim lacks merit. The trial court's initial grant of sanctions responded to requests made by the parties that filed motions for summary disposition.

support their position. Accordingly, they have abandoned further review of this issue. *Prince, supra.*

### IV. CONCLUSION

The trial court did not err by denying plaintiffs' motion for disqualification. Additionally, the trial court properly concluded that plaintiffs' claims of fraud on the court and unjust enrichment failed to state claims on which relief could be granted. Plaintiffs' claims under the environmental remediation act are dismissed for lack of jurisdiction. Because plaintiffs fail to cite legal authority supporting reversal of the trial court's dismissal of count five, conspiracy, and count nine, exemplary damages, plaintiffs have abandoned their appeal of these decisions.

We reverse the trial court's determination on count three, involving plaintiff's claims under the hazardous waste management act, that plaintiffs are not real parties in interest because plaintiffs have statutory standing pursuant to MCL 324.11151. Because plaintiffs have not stated claims against defendants Wardrop, Fisher, Dickinson, and Dickinson Wright, however, summary disposition on this count should have been granted to them under MCR 2.116(C)(8), and the trial court's denial on this basis is reversed. We also reverse the trial court's conclusion that plaintiff Tingley III was practicing law on behalf of plaintiffs Tingley and Bradley. Finally, we affirm the trial court's grant of sanctions to defendants Logie and Grand Rapids.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. Because plaintiffs' appeal was successful in part, it was not vexatious, and defendants' requests for damages on this basis are denied. See MCR 7.216(C)(1)(a);

*Dillon v DeNooyer Chevrolet Geo,* 217 Mich App 163, 169; 550 NW2d 846 (1996). We do not retain jurisdiction.