# STATE OF MICHIGAN

# COURT OF APPEALS

PETER BORMUTH,

Plaintiff-Appellant,

v

GRAND RIVER ENVIRONMENTAL ACTION
TEAM, and KENNY PRICE,

Defendants-Appellees.

UNPUBLISHED
October 22, 2015

No. 321865
Jackson Circuit Court
LC No. 14-000279-CZ

Before: BOONSTRA, P.J., and SAAD and HOEKSTRA, JJ.

PER CURIAM.

Plaintiff appeals the trial court's grant of summary disposition to defendants pursuant to MCR 2.116(C)(8). For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff represents himself as an "avid canoeist" who seeks to determine the extent of dioxin/furan and mercury contamination in the Grand River, downstream from the City of Jackson Wastewater Treatment Plant in Jackson County, Michigan. In furtherance of this goal, on September 30, 2013, plaintiff sent a letter to defendant Grand River Environmental Action Team ("GREAT"), a nonprofit corporation that has a stated purpose of "preserv[ing], protect[ing], and promot[ing] the Grand River in Jackson County." Plaintiff requested permission to enter a parcel of land owned by GREAT—which abuts the Grand River and which was previously conveyed to GREAT by the State of Michigan in March 2013—for the purpose of conducting tests on river sediment. Plaintiff sought to enter GREAT's property "with a technician from Ann Arbor Technical Services for the purpose of taking three [12-inch] sediment core samples" that would allow plaintiff to assess "the health of the Grand River." Plaintiff was allowed to present his request to GREAT's board of directors at its monthly meeting on October 8, 2013. At that meeting, defendant Kenny Price, GREAT's president, created a subcommittee to consider plaintiff's request. Subsequently, at a meeting on November 13, 2013, Price reported that the subcommittee had recommended that plaintiff's request be denied. GREAT's board of directors then voted unanimously to deny plaintiff's request.

Plaintiff responded by initiating this suit. In his amended complaint, plaintiff alleged four causes of action: breach of fiduciary duty, willful and wanton misconduct, gross negligence, and violation of the public trust.

-1-

Defendants moved for summary disposition as to all of plaintiff's claims. In pertinent part, as to plaintiff's claim for breach of a fiduciary duty, defendants argued that plaintiff had failed to state a claim on which relief could be granted because the complaint failed to allege any facts indicating that plaintiff and defendants were in a fiduciary relationship, such that defendants owed plaintiff any sort of fiduciary duty. After a hearing on the matter, the trial court granted defendants' motion and dismissed plaintiff's complaint in its entirety. As it pertained to the breach of fiduciary duty claim, the trial court agreed that plaintiff's complaint had failed to allege facts to support the theory that a fiduciary relationship existed between plaintiff and defendants. The trial court subsequently denied plaintiff's motion for reconsideration.

## II. STANDARDS OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Here, the trial court granted summary disposition in favor of defendants pursuant to MCR 2.116(C)(8), which provides that summary disposition is proper where "[t]he opposing party has failed to state a claim on which relief can be granted." "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint." *Id*. at 119. In deciding a motion under MCR 2.116(C)(8), the trial court is limited to reviewing the pleadings alone. *Id*. at 119-120, citing MCR 2.116(G)(5). "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Maiden*, 461 Mich at 119. Summary disposition under MCR 2.116(C)(8) is appropriate "only where the claims alleged are 'so clearly unenforceable as a matter of law that no factual development could possibly justify recovery.'" *Id.*, quoting *Wade v Dep't of Corrections*, 439 Mich 158, 163; 483 NW2d 26 (1992).

Further, whether a fiduciary duty exists is a question of law that we review de novo. *Prentis Family Foundation v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39, 43; 698 NW2d 900 (2005).

## III. ANALYSIS

On appeal, plaintiff only challenges the trial court's ruling with respect to his claim that GREAT and its various board members (only one of which is named in the complaint) breached their fiduciary duties. Accordingly, our review is limited only to the trial court's dismissal of that cause of action. See *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999) (stating that the failure to brief an issue results in it being abandoned).

Plaintiff argues that the trial court erred because GREAT treasurer Jack Ripstra violated his duty of loyalty. In making this argument, plaintiff admits that Ripstra, as a director of GREAT, owed the duty of loyalty to GREAT, not himself. Plaintiff's argument is based on the assertion that, in addition to being a director of GREAT, Ripstra also is the Blackman Township engineer. Plaintiff avers that this "conflict of interest" resulted in Ripstra's vote to deny plaintiff's request to allow him to perform his testing because he was protecting Blackman Township from a possible lawsuit, not to advance the mission of GREAT.

Assuming arguendo that the above facts demonstrate that Ripstra violated his duty of loyalty to GREAT, plaintiff has failed to establish how he has standing to assert the violation.

-2-

This Court has explained, "The doctrine of standing provides that a suit to enforce corporate rights or to redress or prevent injury to a corporation, whether arising from contract or tort, ordinarily must be brought in the name of the corporation, and not that of a stockholder, officer, or employee." *Belle Isle Grill Corp v Detroit*, 256 Mich App 463, 474; 666 NW2d 271 (2003). Here, although the alleged breach of duty was to GREAT, plaintiff did not bring the suit in the name of the corporation. Further, while an individual can bring a suit on his own behalf if he "can show a violation of a duty owed directly to [him] that is independent of the corporation," plaintiff has not shown how this exception would apply here. *Id.* (citation omitted). Plaintiff, who is not a stockholder or member of GREAT, has not alleged any facts to establish that Ripstra owed any duty directly to him.

Further, plaintiff's claim that his suit should continue because he is a "beneficiary" of GREAT is not persuasive. While a beneficiary to a trust has standing to sue on matters related to the trust, see *In re Beatrice Rottenberg Living Trust*, 300 Mich App 339, 355; 833 NW2d 384 (2013), GREAT is a corporation, not a trust, and consequently has no beneficiaries. Thus, plaintiff's reliance on this legal principle is misplaced.

Plaintiff also argues that GREAT directors Ripstra, Kenny Price, and Jim Seltz violated the duty of good faith and obedience. But, as we have already discussed, directors, such as Ripstra, Price, and Seltz, owe a duty to GREAT, not plaintiff. Consequently, for the reasons already provided, plaintiff lacks standing to pursue these claims.[1]

In sum, plaintiff's breach of fiduciary duty claim is "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery," *Maiden*, 461 Mich at 109, and summary disposition under MCR 2.116(C)(8) was proper. And, because we agree with the trial court's conclusion that further amendment to the complaint would be futile, we affirm this ruling.

Affirmed. Defendants, as the prevailing parties, may tax costs pursuant to MCR 7.219.

/s/ Mark T. Boonstra
/s/ Henry William Saad
/s/ Joel P. Hoekstra

---

[1] Moreover, plaintiff's argument is based on his position that these directors made a patently bad decision, especially when they were provided with information that pollutant discharges into the river had been taking place for the last 30 years and there had been no testing since 1992. We note that even if plaintiff had standing, plaintiff failed to allege sufficient facts to overcome the business judgment rule. See *In re Estate of Butterfield*, 418 Mich 241, 255; 341 NW2d 453 (1983).