*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

CRAIG MATTHEW TOMALIA,

      Defendant-Appellant.

UNPUBLISHED
January 28, 2020

No. 343524
Shiawassee Circuit Court
LC No. 2017-002137-FH

Before: CAMERON, P.J., and SHAPIRO and SWARTZLE, JJ.

PER CURIAM.

Defendant Craig Matthew Tomalia was convicted by jury of third-degree criminal sexual conduct (CSC), MCL 750.520d(1)(c) (sexual penetration with a physically helpless person). The trial court sentenced Tomalia to 10 to 15 years' imprisonment. Tomalia appeals his conviction and sentence. We affirm.

## I. FACTUAL BACKGROUND

This matter arises from Tomalia digitally penetrating the victim while he was staying as a guest in the home that the victim shared with her husband. Before the sexual assault occurred, the victim took Trazadone, which was prescribed to her by a doctor for insomnia and depression. The victim testified that after she took the medication she laid down in a recliner chair. According to the victim, the medication took about 10 to 15 minutes to take effect. After about 10 minutes, the victim noticed that she was "halfway sleeping" and "drowsy." At that point, Tomalia came into the room from the kitchen, hovered over the victim, stuck his hand down her pants, and digitally penetrated her vagina. The victim jerked her leg back, which resulted in her kicking Tomalia. Tomalia then left the room. After the victim informed her husband what had happened, law enforcement was contacted and Tomalia was apprehended. Tomalia was charged with CSC-III, and the victim obtained a personal protection order ("PPO") against Tomalia. Tomalia was convicted by jury as charged and sentenced to a term of imprisonment. This appeal followed.

## II. ANALYSIS

## A. SUFFICIENCY OF THE EVIDENCE

Tomalia first argues that the prosecution failed to present sufficient evidence at trial to prove beyond a reasonable doubt that the victim was "physically helpless." We disagree. We review de novo a challenge to the sufficiency of the evidence. *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015). When ascertaining whether there was sufficient evidence presented at trial to support a conviction, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012).

A conviction under MCL 750.520d(1)(c) requires proof that the defendant engaged in sexual penetration with another person, that the other person was physically helpless, and that the defendant knew or had reason to know that the person was physically helpless. Sexual penetration includes "any . . . intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body . . . ." MCL 750.520a(r). A person is "physically helpless" when she is "unconscious, asleep, or for any other reason is physically unable to communicate unwillingness to an act." MCL 750.520a(m). "[T]he essence of physical helplessness is that the victim is unable to communicate unwillingness to an act. Such is the case when the victim is asleep or unconscious." *People v Perry*, 172 Mich App 609, 622; 432 NW2d 377 (1988).[1] A victim is physically helpless if the victim is penetrated by the defendant "while asleep or had awakened during that process." *Id.*

When viewing the evidence in a light most favorable to the prosecution, we conclude that there was sufficient evidence to establish that the victim was physically helpless at the time of the sexual assault. The victim testified that 10 minutes after she took her medication, she was "halfway sleeping," "not fully awake," and "drowsy." She further described her state of mind as "in and out of it" when Tomalia came into the room and digitally penetrated her vagina. When this occurred, the victim was still "drowsy." Thus, at the time of the penetration, the victim was "physically unable to communicate unwillingness to [the] act." See MCL 750.520a(m). See also *Perry*, 172 Mich App at 622. Evidence that the victim "kicked [her] leg up" supports that the victim was roused from her drowsy state at the time the penetration occurred and, as a result, was able to communicate her unwillingness to the act by kicking Tomalia.

---

[1] We acknowledge that Court of Appeals cases decided before November 1, 1990, are not binding. MCR 7.215(J)(1). Although this Court is not " 'strictly required to follow uncontradicted opinions from this Court decided prior to November 1, 1990,' those opinions are nonetheless 'considered to be precedent and entitled to significantly greater deference than are unpublished cases.' " *People v Bensch*, 328 Mich App 1, 7 n 6; 935 NW2d 382 (2019), quoting *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018) (emphasis omitted).

Although Tomalia argues that there was insufficient evidence presented that the victim was physically helpless because she testified that she was not fully asleep at the time of the assault, in ascertaining whether sufficient evidence was presented at trial to support a conviction, this Court views the evidence in a light most favorable to the prosecution and determines whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *Reese*, 491 Mich at 139. This Court will not interfere with the role of the trier of fact in determining the weight of evidence or the credibility of witnesses. *People v Wolfe*, 440 Mich 508, 514; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). Viewed in a light most favorable to the prosecution and drawing all reasonable inferences in support of the jury's verdict, we conclude that the victim's testimony was sufficient for the jury to find beyond a reasonable doubt that she was unable to communicate an unwillingness to act, and thus was physically helpless at the time of the penetration. Consequently, there was sufficient evidence to convict Tomalia of CSC-III.

## B. GREAT WEIGHT OF THE EVIDENCE

In a related claim, Tomalia argues that he should receive a new trial because the great weight of the evidence failed to show that the victim was physically helpless. However, Tomalia does not provide this Court with any meaningful arguments to support his assertion, thereby rendering the argument abandoned. See *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004). Nonetheless, we have reviewed the argument and find that it lacks merit.

Because Tomalia did not move for a new trial, this issue is not preserved. See *People v Lopez*, 305 Mich App 686, 695; 854 NW2d 205 (2014). We therefore apply the plain-error rule, which requires that "1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). An error has affected a defendant's substantial rights when there is "a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. Moreover, "once a defendant satisfies these three requirements, . . . [r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." *Id*. at 763-764 (quotation marks and citation omitted). A defendant bears the burden of persuasion with respect to prejudice. *Id*. at 763.

In evaluating whether a verdict is against the great weight of the evidence, the question is whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand. *People v Lemmon*, 456 Mich 625, 627; 576 NW2d 129 (1998); *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008). A verdict may be vacated only when it "does not find reasonable support in the evidence, but is more likely to be attributed to causes outside the record such as passion, prejudice, sympathy, or some extraneous influence." *People v DeLisle*, 202 Mich App 658, 661; 509 NW2d 885 (1993) (citation omitted). Absent compelling circumstances, the credibility of witnesses is for the jury to determine. See *Lemmon*, 456 Mich at 642-643.

As already discussed, the evidence supports that the victim was physically unable to communicate an unwillingness to act and thus was physically helpless at the time of the penetration. Considering the victim's testimony, the evidence does not preponderate so heavily against the jury's verdict that it would be a miscarriage of justice to allow the verdict to stand. See *id*. at 627. Tomalia's great-weight argument essentially consists of an attack on the sufficiency of the evidence. However, it was up to the jury to assess the weight and reliability of the evidence. *Id*. at 643-644. Because the jury's verdict is not against the great weight of the evidence, we conclude that Tomalia has failed to establish plain error affecting his substantial rights.

## C. EVIDENTIARY CHALLENGE

Tomalia argues that he is entitled to a new trial because the trial court abused its discretion by admitting the PPO petition into evidence at trial.[2] However, this argument was waived by defense counsel when he indicated that he had "[n]o objection" to the PPO petition being admitted into evidence. See *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) ("When defense counsel clearly expresses satisfaction with a trial court's decision, counsel's action will be deemed to constitute a waiver."). See also *People v Buie*, 491 Mich 294, 316-317; 817 NW2d 33 (2012) (holding that defense counsel's statement that she would "leave that to the court's discretion" waived any arguments relating to the defendant's right of confrontation). Tomalia is therefore not entitled to relief in relation to this argument. See *People v Carter*, 462 Mich 206, 216; 612 NW2d 144 (2000) (holding that waiver extinguishes the right to appeal an alleged error).

Even so, we have considered the argument under plain-error analysis and conclude that the evidence was relevant to the victim's credibility. Evidence that has a bearing on the credibility of a witness is generally relevant. *People v King*, 297 Mich App 465, 476-477; 824 NW2d 258 (2012). Accordingly, because the evidence was not merely marginally probative, the risk of unfair prejudice did not substantially outweigh its probative value. *People v Crawford*, 458 Mich 376, 397-398; 582 NW2d 785 (1998). Thus, Tomalia cannot establish plain error. Furthermore, Tomalia cannot establish that admission of the PPO petition into evidence affected his substantial rights. Defense counsel used the PPO petition on cross-examination to impeach the victim because statements in the petition were inconsistent with her trial testimony. Consequently, the PPO petition was used by the defense to undercut the victim's credibility. Thus, even if the argument was forfeited—as opposed to waived—Tomalia would not be able to establish that his substantial rights were affected with respect to this evidence. See *Carines*, 460 Mich at 763.D. GUILTY PLEA

---

[2] Although Tomalia argues that the trial court also admitted the order of personal protection into evidence, that argument is not supported by the record. Further, Tomalia argues that the trial court's decision to admit the PPO petition violated his right to due process and a fair trial. However, because Tomalia has fully abandoned the constitutional argument on appeal, we need not address the argument. See *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999).

Tomalia argues that the trial court improperly refused to accept a plea of guilt before trial. Generally, an issue is preserved for appellate review when it is raised before, addressed, and decided by a trial court. *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). Tomalia did not argue below that the trial court lacked discretion to reject his guilty plea. Thus, the issue is not preserved, and we review for plain error affecting substantial rights. See *Carines*, 460 Mich at 763.

"A defendant pleading guilty must enter an understanding, voluntary, and accurate plea." *People v Brown*, 492 Mich 684, 688-689; 822 NW2d 208 (2012); see also MCR 6.302(A). For a guilty plea to be accurate, the trial court must ask the defendant to describe sufficient facts to support a finding of guilt. *People v Fonville*, 291 Mich App 363, 377; 804 NW2d 878 (2011); see also MCR 6.302(D)(1).

Before trial, the prosecutor offered Tomalia a plea agreement, whereby the CSC-III charge would be dismissed if Tomalia pleaded guilty to assault with intent to commit sexual penetration, MCL 750.520g(1). Tomalia expressed interest in accepting the offer. Because Tomalia claimed to remember what occurred on the night of the assault, defense counsel informed Tomalia on the record that he would have to place a factual basis on the record as to why he was guilty.[3] Tomalia stated on the record that he would be lying if he admitted to sexually penetrating the victim. The trial court responded that it did not want Tomalia to do that, and Tomalia responded "I can't do that." Defense counsel informed Tomalia that the guidelines minimum sentence range would be 5 to 23 months' imprisonment under the plea agreement. Defense counsel further estimated that defendant's minimum sentencing guidelines range for CSC-III would be 51 to 85 months' imprisonment. In response, Tomalia said, "I'm just going to accept your offer and plead guilty to it." The trial court asked Tomalia he was sure, and Tomalia said "[y]eah." When the trial court asked if Tomalia was going to plead guilty because he was guilty, Tomalia stated that he was not comfortable saying he did something that he did not do. However, Tomalia was also not comfortable with putting his life "in somebody else's hands" and taking the risk of going to prison for "many years" for a crime that he did not commit. Based on this, Tomalia stated that he would rather plead guilty. The trial court indicated that the court could not accept the plea because Tomalia told the trial court under oath that he did not commit a crime with respect to the victim. Thus, the plea could not have complied with MCR 6.302(D)(1) because Tomalia was not able to provide sufficient facts to support a finding of guilt. Consequently, we conclude that the trial court did not plainly error.

We affirm.


/s/ Thomas C. Cameron
/s/ Douglas B. Shapiro
/s/ Brock A. Swartzle

---

[3] Defendant has not argued that he should have been permitted to enter a no contest plea.