*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WELLS FARGO BANK, N.A., AS INDENTURE
TRUSTEE FOR THE IMPAC CMB TRUST
SERIES 2005-3,

      Plaintiff-Appellee,

v

DOSHIA BANKS,

      Defendant-Appellant,

and

ERNEST CORNELIUS, WILLIAMS FAMILY
TRUST, and OTIS WILLIAMS III,

      Defendants.

UNPUBLISHED
April 25, 2024

No. 364470
Wayne Circuit Court
LC No. 18-007928-CH

Before: REDFORD, P.J., and CAMERON and LETICA, JJ.

PER CURIAM.

In this real property dispute, defendant,[1] Doshia Banks, appeals as of right the trial court's order reopening the case and granting plaintiff's motion to quiet title, enforcing the settlement agreement with plaintiff, Wells Fargo Bank NA, as Indenture Trustee for the Impac CMB Trust Series 2005-3 (Wells Fargo), and expunging various instruments recorded by Banks from the Wayne County Register of Deeds. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

---

[1] Defendants, Ernest Cornelius, Williams Family Trust, and Otis Williams III (hereinafter "defendants" jointly or by name individually), failed to appear or defend plaintiff's complaint and the trial court entered a default judgment against them on September 18, 2019.

This matter involves a property located in Detroit, Michigan. In February 2005, defendant, Ernest Cornelius, accepted a loan secured by a mortgage on the property. The lender or its designated assignee recorded the mortgage on February 28, 2005, and on September 10, 2015, assigned the mortgage to Wells Fargo who recorded the assignment on September 15, 2015. Because of defaults, Wells Fargo foreclosed its mortgage during March 2016, and purchased the property at the sheriff's sale. A sheriff's deed was recorded in March 2016, but Cornelius failed to redeem the property, resulting in title vesting in Wells Fargo. On October 4, 2016, defendant, Otis Williams III, recorded a Uniform Commercial Code Financing Statement against the property, which purported to transfer and assign an interest in the sheriff's deed to himself via a conduit. On October 28, 2016, Cornelius recorded a quitclaim deed purporting to transfer title to defendant, Williams Family Trust. The quitclaim deed was recorded after the sheriff's sale when Cornelius did not have any interest in the property. In February 2017, the Williams Family Trust purportedly conveyed title to the property to Banks by land contract. Wells Fargo filed suit to quiet title. Defendants failed to respond and the trial court entered a default judgment against them, but did not address Banks's cloud on the title. Wells Fargo moved for summary disposition against Banks under MCR 2.116(C)(9), and requested that the trial court enter an order quieting title.

Wells Fargo and Banks entered into a settlement agreement in November 2020 in which they agreed to sign a stipulated order quieting title in Wells Fargo's name, provide Banks an opportunity to purchase the property, and release Wells Fargo from future claims. The trial court entered the stipulated order; however, it contained a scrivener's error. The order stated: "IT IS HEREBY ORDERED that Plaintiff's interest in the Property is hereby terminated." The order erroneously terminated Wells Fargo's interests in the property while simultaneously quieting title in Wells Fargo by stating: "IT IS FURTHER ORDERED that title to the Property is quieted in the name of Wells Fargo Bank, N.A., as Indenture Trustee for the Impac CMB Trust Series 2005-3.".

Wells Fargo apparently realized the scrivener error and moved to reopen the case solely for the limited purpose of correcting the designation of the party whose interest the order terminated. In lieu of answering, Banks filed a bankruptcy petition which the bankruptcy court later denied, and in federal court she filed a claim to quiet title which that court dismissed on claim preclusion grounds. In the meantime, Banks recorded three documents in the Wayne County Register of Deeds: two Affidavits of Rescission related to the property, and an Affidavit of Correction. Wells Fargo again moved to reopen the case to amend the trial court's order to quiet title, enter an order enforcing the settlement agreement, and expunge the three documents from the county register of deeds. In response, Banks argued that the trial court's stipulated order was void because it was entered based on an agreement created through fraud, misrepresentation, deceptive language, lack of a meeting of the minds, and lack of consideration. Banks further contended that latent threats, coercion, and duress made the settlement agreement unenforceable.

The trial court granted Wells Fargo's motion and reopened the case. The trial court terminated Banks's interest in the property and quieted title in Wells Fargo. The trial court voided and expunged the documents from the Wayne County Register of Deeds. The court ordered Banks to cease and desist from recording any further instruments related to the property. The trial court dismissed the case with prejudice, and amended the original stipulated order by correcting the scrivener's error. This appeal followed.

## II. STANDARD OF REVIEW

"A settlement agreement is a binding contract." *Reicher v SET Enterprises, Inc*, 283 Mich App 657, 665; 770 NW2d 902 (2009). "[T]he interpretation of a contract is a question of law reviewed de novo on appeal . . . ." *Lueck v Lueck*, 328 Mich App 399, 404; 937 NW2d 729 (2019) (quotation marks and citation omitted; alterations in original). "An unambiguous contract must be enforced according to its terms." *Id.* (quotation marks and citation omitted).

## III. ANALYSIS

Banks first argues that the settlement agreement is unenforceable and fails to fulfill the conditions of a valid contract because it lacked mutual assent or consideration, and the contract contained ambiguous and contradictory terms. We disagree.

"An agreement to settle a pending lawsuit is a contract and is to be governed by the legal principles applicable to the construction and interpretation of contracts." *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 452; 733 NW2d 766 (2006) (quotation marks and citation omitted). "Before a contract can be completed, there must be an offer and acceptance. Unless an acceptance is unambiguous and in strict conformance with the offer, no contract is formed." *Id.* (quotation marks and citation omitted). "Further, a contract requires mutual assent or a meeting of the minds on all the essential terms." *Id.* "A contract is ambiguous when two provisions irreconcilably conflict with each other[.]" *Coates v Bastian Bros, Inc*, 276 Mich App 498, 503; 741 NW2d 539 (2007) (quotation marks and citation omitted). Ambiguity may also be found "when [a term] is equally susceptible to more than a single meaning[.]" *Id.* (quotation marks and citation omitted; alteration in original).

Banks argues generally and without citation to any specific provision of the settlement agreement that the settlement agreement is invalid and unenforceable because its terms are ambiguous and contradictory resulting in no meeting of the minds. Although not clear, Banks seems to contend that the settlement agreement's terms provide for quieting title in two different persons. Analysis of the settlement, however, does not support Banks's contention. The settlement agreement in § 3. B. unambiguously provided that the parties agreed to quiet title to the property in Wells Fargo and stipulated to an order so providing. Several provisions recite the consideration each party agreed to provide the other for the settlement. The parties executed the agreement. Frankly, none of Banks's contentions is supported by the record in this case.

Banks also seems to suggest that the trial court could not quiet title to a property in which a party had no possessory interest which, she seems to contend, results in an ambiguity in the settlement agreement. We disagree. The provisions in the settlement agreement do not irreconcilably conflict. They simply acknowledge that Wells Fargo did not possess or control the property, despite owning it, and noted that the parties agreed to quiet title in Wells Fargo's name.

Next, Banks argues further that apparent ambiguity resulted in a lack of mutual assent. This appears to be a misunderstanding of the mutuality requirement. "[A] contract requires mutual assent or a meeting of the minds on all the essential terms." *Clark v Al-Amin*, 309 Mich App 387, 394; 872 NW2d 730 (2015) (quotation marks and citation omitted). "This required mutual assent on all material terms is judged by an objective standard based on the express words of the parties

and not on their subjective state of mind." *Bodnar v St John Providence, Inc*, 327 Mich App 203, 213; 933 NW2d 363 (2019). "The goal of contract interpretation is to read the document as a whole and apply the plain language used in order to honor the intent of the parties." *Clark*, 309 Mich App 387 at 394 (quotation marks and citation omitted). "If the language of the contract is clear and unambiguous, it must be enforced as written." *Id*. (quotation marks and citation omitted). "Parties are presumed to understand and intend what the language employed [in a contract] clearly states." *Id*. at 394-395. (quotation marks and citation omitted; alteration in original).

In this case, there is no ambiguity in the terms of the settlement agreement. Banks objectively manifested her assent to the contract when she signed it on November 5, 2020. Settlements "are favored by the law, and therefore will not be set aside, except for fraud, mutual mistake, or duress." *Clark*, 309 Mich App at 395. Because Banks presented no evidence of fraud, mutual mistake, or duress, the trial court did not err when it found the settlement agreement a binding contract and Banks objectively manifested her intent to accept its terms.

Banks's vague suggestion that the settlement agreement lacked consideration also fails. "To have consideration there must be a bargained-for exchange; [t]here must be a benefit on one side, or a detriment suffered, or service done on the other." *Innovation Ventures, LLC v Liquid Mfg*, *LLC*, 499 Mich 491, 508; 885 NW2d 861 (2016) (quotation marks and citation omitted; alteration in original). Banks acknowledged receipt of consideration when she signed the settlement agreement. The settlement agreement plainly stated: "In consideration of the facts, acknowledgements, agreements, general release and promises contained in this Agreement, and for other good and valuable consideration, the receipt of which is acknowledged by each party hereto[.]" By entering into the settlement agreement, Wells Fargo agreed to release all claims related to the dispute, and offered Banks the opportunity to purchase the property. In exchange, Banks agreed, among other things, to release and discharge all claims against Wells Fargo and to the court's quieting of title in Wells Fargo. The settlement agreement specified the bargained-for exchange and acknowledged the adequacy of the consideration given by the parties to each other. See *Innovation Ventures, LLC*, 499 Mich at 508.

Next, Banks asserts that the trial court improperly failed to consider her objections to plaintiff's motion. We disagree. In her reply brief to plaintiff's motion to reopen the case, Banks argued that she entered into the settlement agreement because of fraud, misrepresentation, deceptive language, no meeting of the minds, and lack of consideration. At the motion hearing, the trial court asked Banks if she wished to add anything further for the record. Banks replied by asking the trial court if it was willing to fulfill its fiduciary duties and find Banks the rightful title holder of the property. The trial court refused to answer Banks's question, noting that she did not make an appropriate objection.

On appeal Banks provides no rational explanation or support for her rather vague contention that the trial court failed to consider her objections regarding fraud and misrepresentation. "[A]n action for fraud must be predicated upon a false statement relating to a past or existing fact[.]" *Cummins v Robinson Twp*, 283 Mich App 677, 696; 770 NW2d 421 (2009). "In allegations of fraud or mistake, the circumstances constituting fraud or mistake must be stated with particularity." MCR 2.112(B)(1). Banks's objection based on an unspecified allegation of fraud and misrepresentation cannot be sustained without proof of some sort of falsehood. Banks had to present specific facts showing the settlement agreement was procured by

improper conduct. In actuality, the trial court considered Banks's objections and found them lacking. The record reveals that the trial court did not, as Banks suggests, ignore her objections. Because she failed to allege and prove specific facts, the trial court correctly found Banks's unsupported objection to plaintiff's motion to reopen the case unsustainable.

Banks's brief on appeal also vaguely suggests that she believes that the trial court erred when it granted Wells Fargo's motion to quiet title and terminated all of Banks's interests in the property. Banks, however, does not offer a cogent argument regarding these issues to this Court.[2] "It is axiomatic that where a party fails to brief the merits of an allegation of error, the issue is deemed abandoned by this Court." *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999). "A party may not simply announce a position and leave it to this Court to make the party's arguments and search for authority to support the party's position. Failure to adequately brief an issue constitutes abandonment." *Seifeddine v Jaber*, 327 Mich App 514, 519-520; 934 NW2d 64 (2019) (citation omitted). Accordingly, we consider these issues abandoned. Regardless, because Banks never held proper title, the trial court properly granted Wells Fargo's motion to quiet title and correctly terminated Banks's purported interests in the property.

For all of these reasons, we affirm.

/s/ James Robert Redford
/s/ Thomas C. Cameron
/s/ Anica Letica

---

[2] We recognize Banks is proceeding *in propria persona*, and this Court generally holds the briefs of such litigants "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v Kerner*, 404 US 519, 520; 92 S Ct 594; 30 L Ed 2d 652 (1972). However, such leniency has its limits. Banks's brief on appeal contains numerous general statements of law, but few articulated facts or relevant authority to develop her argument.