*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM G. RAPPLEYE,

       Plaintiff-Appellant,

v

JACKSON COUNTY CLERK,

       Defendant-Appellee.

UNPUBLISHED
August 22, 2024

No. 371720
Jackson Circuit Court
LC No. 2024-001203-AW

Before: MURRAY, P.J., and M. J. KELLY and YATES, JJ.

PER CURIAM.

Plaintiff, William G. Rappleye, appeals as of right from the July 15, 2024 order denying his request for mandamus relief. Because the trial court did not abuse its discretion when it denied mandamus, we affirm.

## I. BACKGROUND

This appeal involves an election challenge filed by plaintiff, who is a candidate for the office of Jackson County Probate Judge, to the nominating petitions filed by another candidate for the same office, Jennifer Kelly. In April 2024, Ms. Kelly filed her affidavit of identity and nominating petitions. Ms. Kelly utilized the pre-printed petition forms commonly used by candidates. See MCL 168.544a; MCL 168.544c; MCL 168.546. The forms contained handwriting at the top indicating that the position sought was "Regular Term – Non-Incumbent." By all accounts, this is the proper designation for Ms. Kelly's petition sheets. See MCL 168.433(2). The only dispute concerns the timing with which the handwriting was purportedly added to the petition sheets.

As noted, plaintiff filed a challenge to Ms. Kelly's nominating petitions. The challenge acknowledged that the "non-incumbent" designation was proper. However, plaintiff's challenge asserted—without providing any evidence—that the designation "appears to have been added to the submitted petitions after certification of the circulator."

Defendant issued a written response in May 2024 that denied plaintiff's challenge. The response noted plaintiff's lack of evidence. In addition, defendant's written response noted that

Ms. Kelly's nominating petitions contained the "non-incumbent" language that was, by all accounts, the correct language under the circumstances.

Plaintiff filed a petition for writ of mandamus in Jackson Circuit Court in which he averred that Ms. Kelly's nominating petitions were invalid because the hand-written, "non-incumbent" designation was added after the petitions were signed. Once again, plaintiff provided no proof in support of his assertions. Plaintiff asserted that defendant had a statutory duty under MCL 168.552 to investigate the allegations in his petition. However, while the complaint generally referred to an alleged duty to investigate, the only relief that plaintiff requested was limited to Ms. Kelly's presence on the ballot. Plaintiff asked that the trial court order defendant to "rescind the acceptance" of Ms. Kelly's nominating petitions and to remove Ms. Kelly from the ballot.

Plaintiff filed a motion for an order to show cause as to why defendant should not be held in contempt for failing to adhere to this state's election law. He contended once again that Ms. Kelly's nominating petitions were altered after they were signed. Again, he did not provide any evidence in support of his assertion.

Thereafter, plaintiff filed an amended motion for an order to show cause. Unlike his previous filings, plaintiff supported the amended motion with a three-paragraph affidavit from one of the individuals who circulated Ms. Kelly's nominating petitions. The affiant stated that the petitions did not have the hand-written, "non-incumbent" designation at the time of circulating. Plaintiff did not explain how many of Ms. Kelly's petition sheets or signatures were affected by this affiant's assertions, however.

Following a hearing, the trial court denied mandamus relief. The trial court concluded that the statute cited by plaintiff, MCL 168.552, did not compel the relief plaintiff sought. The court ruled that the statute was limited to challenges concerning the veracity of signatures on a nominating petition.

On appeal to this Court, plaintiff argues that the "non-incumbent" language on Ms. Kelly's petitions was added after-the-fact. He also argues that he can, in an action for mandamus relief, raise matters that go beyond the signatures on petition sheets.

II. ANALYSIS

Mandamus is an extraordinary remedy that is within the discretion of the trial court to grant or deny. *Barrow v Wayne Co Bd of Canvassers*, 341 Mich App 473, 484; 991 NW2d 610 (2022). The plaintiff bears the burden of showing entitlement to this remedy, and must show that: "(1) the plaintiff has a clear, legal right to performance of the specific duty sought, (2) the defendant has a clear legal duty to perform, (3) the act is ministerial, and (4) no other adequate legal or equitable remedy exists that might achieve the same result." *Id*. at 484-485 (quotation marks omitted and citation).

For purposes of mandamus relief, a "clear legal right" held by the plaintiff is a right that is "clearly founded in, or granted by, law; a right which is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided." *Id*. at 485 (quotation marks and citation omitted). Thus, not only must the law be clear, but the facts must also be clear and not in dispute. As explained by our Supreme Court, "[m]andamus will not lie to

compel a public officer to perform a duty dependent upon disputed and doubtful facts but is designed to enforce a plain, positive duty upon the relation of one who has a clear legal right to have it performed . . . ." *McLeod v Kelly*, 304 Mich 120, 125; 7 NW2d 240 (1942). See also *Garner v Mich State Univ*, 185 Mich App 750, 762; 462 NW2d 832 (1990) ("[M]andamus may not be issued where disputed facts exist.").

Plaintiff has asked that defendant be ordered to rescind its certification of Ms. Kelly's nominating petitions and remove her from the ballot. As for the existence of a clear legal right and a clear legal duty, plaintiff points out that MCL 168.433(2) declares that nominating petitions filed under that section—the section pertinent to probate court judges—"are only valid" if they clearly indicate the type of office sought. This includes the correct incumbent/non-incumbent label. *Id*. In the instant case, plaintiff has never argued that Ms. Kelly's petitions failed to include the correct designation. Instead, he argues that the proper designation was added after the petition sheets were circulated and signed.

The problem for plaintiff, at least insofar as his entitlement to mandamus relief is concerned, is the lack of proof throughout the proceedings. We decline to find that plaintiff demonstrated a clear legal duty on the part of defendant to remove Ms. Kelly from the ballot in response to his challenge when he did not present any evidence, aside from his unfounded speculation, in support of his challenge. Whatever duty defendant may have under MCL 168.433(2), plaintiff's unsupported assertions did not warrant removing Ms. Kelly from the ballot.

Expanding on the above, the facts in this matter are, and have always been, unclear, and plaintiff has consistently failed to clarify the facts or provide evidence in support of his assertions. Plaintiff never submitted an affidavit or an offer of proof with his challenge to Ms. Kelly's nominating petitions. He did not submit an offer of proof with his complaint for mandamus. And while he presented an affidavit as to some of the petition sheets in his amended motion for an order to show cause, he has never given any indication of how many signatures are affected by the affidavit. This is significant, because it is unclear from this affidavit—assuming for now that plaintiff is otherwise correct in his assertions—whether the number of signatures affected by the affidavit is enough to lower Ms. Kelly below the statutory threshold for the requisite amount of signatures. See MCL 168.544f (establishing signature requirements a candidate must meet to run for office). Indeed, plaintiff has not explained how many signatures could potentially be affected by the affidavit, nor did he even provide evidence of how many signatures Ms. Kelly filed in the first place. Accordingly, taking the averments as true and accepting for purposes of argument that they would invalidate the signatures on the affected petition sheets, the factual record is too meager and unclear to suggest that plaintiff is entitled to the extraordinary remedy that is mandamus relief. Mandamus will not lie where the facts are unclear or in dispute. See *Garner*, 185 Mich App at 762. Plaintiff has fallen short of his burden to demonstrate entitlement to mandamus relief.

Before concluding, we note that plaintiff has largely left unchallenged the trial court's reasoning as well as defendant's assertions about whether the obligations placed on defendant under MCL 168.552 give rise to a duty to investigate and to remove Ms. Kelly from the ballot. Plaintiff's failure to address the trial court's reasoning in a meaningful way, along with his relatively cursory and conclusory briefing, provides further support for our conclusion that plaintiff has fallen short of meeting his burden to show entitlement to mandamus relief. See *Seifeddine v*

*Jaber*, 327 Mich App 514, 519-520; 934 NW2d 64 (2019); *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999).

Affirmed.

/s/ Christopher M. Murray
/s/ Michael J. Kelly
/s/ Christopher P. Yates