*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* WILLIAM DENNIS SOWDERS.

---

WILLIAM DENNIS SOWDERS, also known as
WILLIAM-DENNIS,

        Petitioner-Appellant,

v

OAKLAND COUNTY CIRCUIT COURT JUDGE,

        Appellee.

UNPUBLISHED
February 12, 2026
10:24 AM

No. 374930
Oakland Circuit Court
LC No. 2025-532865-NC

---

Before: CAMERON, P.J., and M. J. KELLY and YOUNG, JJ.

PER CURIAM.

Petitioner appeals as of right the trial court's order denying his petition to change his name to "william-dennis," no last name. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from petitioner's desire to change his name. In his petition, he listed the reason for the name change as:

> i [sic] am doing the name change to change the mode and style of the name. This is my first adult name assignment to fulfill the intent of my mother and father who exercised their sacred right to name me. i [sic] have never had an adult name from a court of competent jurisdiction before. This is my first one and that is why i [sic] am here.

> i [sic] have never had a court order declaring my name to be mine, declaring me as the grantee absolute. The State of Michigan Department of Health has my name in their records as already exists [sic] but it is not my name to own as a grantee absolute.

Underneath this portion was a section entitled "Proposed Order," which appears to be a continuation of petitioner's reasoning for the name change. Petitioner wished to "be recognized as a private michiganian [sic] national and not a citizen of the District of Columbia or any territory or legal fiction misnomer" and to "defend against any mistaken or erroneous modes of practice of law, or military[,] or municipal, modes of court practice and modes of proceedings." He also sought the change to distinguish himself from the "volunteer surety on whose shoulders are imputed liabilities such as debts [or] mortgages" and to extinguish such debt.

The trial court denied the petition, explaining:

> The Court further finds that the Petitioner is requesting to change his name from William Dennis Sowders to william-dennis. The Petitioner testified that he did not desire to retain a last name. Petitioner's reasons for the name change from the Petition for Name Change and the testimony Petitioner provided on the record to the Court is that he has never had an adult name from a court of competent jurisdiction nor a court order declaring his name to be his, declaring him as the grantee absolute.

> This Court is not persuaded that the name change is not sought for a fraudulent purpose based upon the record.

> Therefore, the Petition for Name Change shall be denied.

Petitioner now appeals.

## II. STANDARD OF REVIEW

This Court reviews a trial court's denial of a legal name change for an abuse of discretion. *In re Warshefski*, 331 Mich App 83, 90; 951 NW2d 90 (2020). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Id.* (quotation marks and citation omitted).

## III. ANALYSIS

Petitioner does not affirmatively allege any error by the trial court. Instead, he requests that this Court "overrule the lower court and affirm what 'already is[.]' " By failing to brief the merits of the issue, petitioner has abandoned it on appeal. See, e.g., *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999); see also *Wiley v Henry Ford Cottage Hosp*, 257 Mich App 488, 499; 668 NW2d 402 (2003) ("An appellant may not merely announce its position or assert an error and leave it to this Court to discover and rationalize the basis for its claims, unravel or elaborate its argument, or search for authority for its position.").

However, even if petitioner had not abandoned this argument, his proposed reasons for seeking the name-change support the trial court's determination that the request was sought with fraudulent intent. As noted, petitioner's listed reasons for the name-change included extinguishing his debt and providing him with an indiscernibly vague, far-reaching expansion of his legal rights. These reasons demonstrate that the trial court's determination was within the range of reasonable and principled outcomes. *In re Warshefski*, 331 Mich App at 90.

Affirmed.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Adrienne N. Young